Lina Stillman
Stillman Legal PC
42 Broadway, 12th Floor
New York, NY 10004
Telephone: (1800) 933-5620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Souad Karfa, individually | ) | |
| | ) | |
| *Plaintiff,* | ) | **1st AMENDED COMPLAINT** |
| | ) | |
| -v- | ) | |
| | ) | |
| Marine Park Referring Center, Inc. d/b/a | ) | |
| Marine Park Testing & Referring Center , | ) | |
| Ultimate Marketing of NY Inc., and Hisham | ) | |
| Almehdawi, *jointly and severally,* | ) | |
| | | |
| *Defendants.* | | |

**NATURE OF THE ACTION**

1.       Plaintiff Souad Karfa, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned wages and overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 et. seq., as well as the supporting New York State Department of Labor Regulations for violations of overtime compensation requirements, and failure of Defendants to comply with notice and record-keeping requirements. Plaintiff further brings claims of sexual harassment, and sex discrimination pursuant to New York State Human Rights Law (HRL), N.Y. Executive Law, § 296 and the New York City Human Rights Law (NYCHRL), N.Y. Admin. Code § 8–107. Finally, Plaintiff brings claims of retaliation, pursuant to the FLSA, the NYLL, the HRL, and the NYCHRL.

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUMMARY**

2.      Plaintiff was employed by Defendants, Marine Park Referring Center, Inc. d/b/a Marine Park Testing & Referring Center, Ultimate Marketing of NY Inc., and Hisham Almehdawi (collectively "Defendants"), as an office assistant from on or about September 2015 until August 5th, 2019.

3.      Throughout the course of her employment, Plaintiff worked anywhere from 55 to 65 hours per week and was paid at an hourly rate ranging from $13.00 to $13.50 per hour. Plaintiff was not paid at an overtime rate of one-and-one-half her regular rate of pay for the overtime hours that she worked.

4.      On August 5th, 2019 Plaintiff asked for a day off and Defendant refused to give it to her because he wanted to know what she was doing and "why" she needed a day off. He subsequently asked Plaintiff to marry him, leaving her no choice but to resign.

5.      As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

**JURISDICTION AND VENUE**

**Federal Question Jurisdiction and Supplemental Jurisdiction**

6.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act and 29 U.S.C. §201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

7.      This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

8.      Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

### Plaintiff

**Souad Karfa**

9.      Plaintiff is an adult individual residing in the state of New York, County of Queens.

10.      Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e), the NYLL § 190, the HRL, and the NYCHRL.

11.      Plaintiff was employed by Marine Park Referring Center, Inc. d/b/a Marine Park Testing & Referring Center, and Ultimate Marketing of NY Inc., a medical referral service, owned by Hisham Almehdawi.

12.      Marine Park Referring Center is located at 1100 Coney Island Avenue, Suite 404 Brooklyn NY 11230.

13.      Plaintiff was employed as an office assistant.

14.     Plaintiff was hired by Defendant Hisham Almehdawi.

15.     Plaintiff was directly supervised by Individual Defendant, Hisham Almehdawi, who was responsible for, *inter alia*, hiring and firing employees, setting their wages and schedules, and general staff management.

16.     Plaintiff's duties included taking in patients, inquiring about patients' medical histories, and performing general office duties leading to the successful referral to medical doctors in the area.

17.     Plaintiff regularly handled goods in interstate commerce, imported from outside the State of New York and distributed in New York, throughout the course of her employment with Defendants.

18.     Plaintiff was required to work 6 or 7 days per week, from 9:30 a.m. to 7:00 p.m.

19.     Plaintiff's rate of pay remained $13.00 and $13.50 per hour for all hours worked during September.

20.     During her tenure with Defendant Almehdawi, his behavior toward Plaintiff was always harassing and improper but it became increasingly more harassing on or about December 2018. Almehdawi began asking questions regarding Plaintiff's boyfriend, and whether or not Plaintiff would choose him over her boyfriend and behaving as if Plaintiff was his personal property.

21.     Plaintiff began objecting to Almehdawi's behavior. She intentionally avoided being in a room alone with Almehdawi. During a lot of occasions, Almehdawi requested that Plaintiff hang out with him on her days off, but Plaintiff refused.

22.     When she asked for a day off in or August 5th, 2019 Defendant Almehdawi came to see Plaintiff and directly told Plaintiff (in front of his 16-year-old son) that he didn't

want her to have a relationship with anyone because he wanted her to marry him. She declined and had no choice but to resign.

23.     Plaintiff was always paid bi-weekly, at times, she was paid part in cash and part in check.

24.     Throughout her employment, Defendants repeatedly suffered or permitted Plaintiff to work in excess of forty (40) hours per week without paying her the appropriate premium overtime pay of one and one-half times her regular rate of pay.

25.     Plaintiff was qualified to hold the position she held and faced no complaints, written or oral, or disciplinary notices from anyone throughout her period of employment.

26.     Defendants had no clock system and did not maintain any other system in place to record or keep track of Plaintiff's hours.

27.     Plaintiff was not provided with a wage notice containing the rate and basis of her pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

28.     Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum and overtime wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

29.     Throughout the duration of her employment, Plaintiff did not have any supervisory authority over any of Defendants' employees, nor did she exercise discretion or independent judgment with respect to matters of significance.

30.     Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

31.     Plaintiff suffered severe emotional distress following her employment and

separation thereof from Defendants for which she had to consult a psychiatrist for.

32.     Plaintiff is currently still out of work, despite her diligent attempts to find other employment.

## Defendants

33.     At all relevant times, Individual and Corporate Defendants were joint employers and/or functioned together as a single integrated employer of Plaintiff within the meaning of the FLSA and NYLL.

## Corporate Defendants

**Marine Park Referring Center Inc.,**

34.     Marine Park Referring Center, Inc. is a domestic professional corporation organized and existing under the laws of the State of New York.

35.     Marine Park Referring Center, Inc. owns and operates Marine Park Referring Center, a marketing and referral center for a Medica Center.

36.     At all relevant times, Marine Park Referring Center, Inc. was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the NYLL § 190, the N.Y. Executive Law § 292(5), and the N.Y. Admin. Code. § 8–102(5).

37.     At all relevant times, Marine Park Referring Center, Inc. maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to her.

38.     From Plaintiff's observations, Marine Park Referring Center typically made an average of $3,000 of gross income per day.

39.     At all relevant times, Marine Park Referring Center, Inc. was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its

employees handled goods and/or materials that have been imported, produced, and/or distributed in interstate commerce. Additionally, Marine Park Referring Center, Inc. conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

40.     Upon information and belief, at all relevant times, Marine Park Referring Center Inc. annual gross volume of sales made, or business done, was not less than Five Hundred Thousand Dollars ($500,000.00) exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

**Ultimate Marketing of NY Inc.,**

41. Ultimate Marketing of NY Inc. is a domestic professional corporation organized and existing under the laws of the State of New York. It was incorporated on <u>January 24, 2020</u> a few days after Defendant received a demand letter from Plaintiff regarding a possible lawsuit against **Marine Park Referring Center Inc.**   and (5) five days after the filing of the present suit.  This corporation was created solely to replace Marine Park Referring Center Inc., which Individual Defendant is attempting to close to avoid liability in the present suit.

42. Ultimate Marketing of NY Inc. now owns and operates Marine Park Referring Center.

43.     At all relevant times, Ultimate Marketing of NY Inc. was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the NYLL § 190, the N.Y. Executive Law § 292(5), and the N.Y. Admin. Code. § 8–102(5).

44.     At all relevant times, Ultimate Marketing of NY Inc. was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees handled goods and/or materials that have been imported, produced, and/or

distributed in interstate commerce. Additionally, Ultimate Marketing of NY Inc. conducted

business with vendors and other businesses outside the State of New York and engaged in

credit card transactions involving banks and other institutions outside the State of New York.

### Individual Defendant

**Hisham Almehdawi**

45. Upon information and belief, at all relevant times throughout Plaintiff's

employment, Hisham Almehdawi was the owner, sole member, authorized operator, manager,

and agent of the Corporate Defendants.

46. At all relevant times throughout Plaintiff's employment, Individual Defendant and

Corporate Defendant were joint employers of the Plaintiff, acted in the interest of each other

with respect to employees, and had common policies and practices as to wages and hours,

pursuant to 29 CFR § 791.2.

47. At all relevant times throughout Plaintiff's employment, Individual Defendant had

the discretionary power to create and enforce personnel decisions on behalf of the Corporate

Defendant, including but not limited to: hiring and terminating employees; setting and

authorizing issuance of wages; maintaining employee records; setting Plaintiff's and other

employees' schedule; negotiating Plaintiff's rate of pay; instructing, supervising and training

Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while she was

employed by Defendants.

48. At all relevant times throughout Plaintiff's employment, Individual Defendant was

actively involved in the day-to-day operations of Corporate Defendant, as he was the clinic's

medical doctor.

49. Individual Defendant hired Plaintiff; he directly supervised her throughout her

employment; until August 5th, 2019 after Plaintiff confronted him regarding the sexual harassment.

50. At all relevant times throughout Plaintiff's employment, Individual Defendant was a "covered employer" within the meaning of the FLSA, the NYLL, the HRL, and the NYCHRL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages and other damages sought herein, pursuant to 29 U.S.C. § 203(d), NYLL § 2, N.Y. Executive Law § 296(6), and N.Y. Admin. Code § 8-107(6).

**FIRST CAUSE OF ACTION**

**Fair Labor Standards Act – Unpaid Overtime Wages**

51. Plaintiff realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

52. At all relevant times, Plaintiff was an employee and was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

53. At all relevant times, Defendants have been employers of Plaintiff and were engaged in commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

54. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207(a)(1) and the supporting federal regulations apply to Defendants and protect the Plaintiff.

55. Defendants have failed to pay Plaintiff overtime wages at a rate of one and one-half times the regular rate at which she was employed for, but under no instance less than one and one-half times the statutory minimum wage for all hours that she worked in excess of forty (40) hours per workweek.

56. Defendants' unlawful conduct, as described in this Complaint, has been willful

within the meaning of 29 U.S.C § 255. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

57. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

58. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

59. As a result of the Defendants' violations of the FLSA, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is thus entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Prohibited retaliation

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. The retaliation provisions as set forth in FLSA, 29 U.S.C.A. § 215 apply to Defendants and protect Plaintiff.

62. After Plaintiff confronted Defendant Almehdawi and resigned, he has been calling and emailing potential Employers and asking them not to hire Plaintiff in violation of 29 U.S.C.A. § 215(a)(3).

63. Due to Defendant's unlawful discrimination against the Plaintiff, she has suffered

great hardship and is entitled to recovery of back wages, front wages, liquidated damages, damages for emotional distress, punitive damages, attorney's fees, costs, and other such damages of an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime Compensation

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. At all relevant times referenced herein, Plaintiff had been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 2, 190, 651 (5), and the supporting New York State Department of Labor Regulations.

66. The overtime wage provisions, as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

67. Defendants have failed to pay Plaintiff overtime wages to which she was entitled at the wage rate of one and one-half times her regular rate, but under no instance less than one and one-half times the statutory minimum wage rate, as defined by New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.2.

68. Through their knowing or intentional failure to pay Plaintiff her duly earned overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.* and supporting New York State Department of Labor Regulations.

69. Defendants' failure to pay Plaintiff overtime compensation lacked a good faith basis within the meaning of NYLL § 663.

70. Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.8, further evincing Defendants' lack of good faith.

71. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recovery of her unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

### FOURTH CAUSE OF ACTION

### New York Labor Law – Prohibited retaliation

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. The retaliation provisions as set forth in NYLL § 215(1) apply to Defendants and protect Plaintiff.

74. Due to Defendant's unlawful discrimination against the Plaintiff, she has suffered great hardship and is entitled to recovery of back wages, front wages, liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000.00), damages for emotional distress, punitive damages, attorney's fees, costs, and other such damages of an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### New York Executive Law - Sexual Harassment and Retaliation

75. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76. At all relevant times, Defendants were employers of Plaintiff within the meaning of

N.Y. Executive Law § 292(5).

77. Defendants sexually harassed Plaintiff and discriminated against her in compensation and in terms, conditions and privileges of employment on account of her sex in violation of N.Y. Executive Law §§ 296(1)(a), and further retaliated against her after complaining about such discrimination in violation of N.Y. Executive Law §§ 296(1)(e) and 296(7).

78. Plaintiff, as a female, belonged to a protected class of individuals.

79. Plaintiff was qualified to hold the position she held as she was subject to no complaints or disciplinary notices.

80. Defendant Almehdawi, her boss, for a significant period during her employment period and on a daily basis, subjected Plaintiff to unwelcome sexual harassment by touching her inappropriately, requesting sexual favors and sending her sexual text messages.

81. Defendants' foregoing conduct was severe, pervasive and malicious.

82. As such, Almehdawi behavior created a sexually hostile, intimidating and offensive work environment in violation of New York Executive Law § 296(1)(a).

83. Plaintiff engaged in protected activity by formally complaining to Defendant Almehdawi about his practice of harassing her.

84. In relation of making such complaints, Defendant Almehdawi has been defaming her to potential employers in violation of New York Executive Law §§ 296(1)(e) and 296(7).

85. Due to Defendants' discrimination, sexual harassment and retaliation of Plaintiff, she has suffered great hardship and is entitled to recovery of back wages, front wages, pre-judgment interest, damages for emotional distress, attorney's fees, costs, and other such damages of an amount to be determined at trial, pursuant to N.Y. Executive Law § 297(9).

86. Defendant Almehdawi is jointly and severally liable for the aforementioned damages, since he incited, compelled and coerced the above discriminatory and unlawful conduct pursuant to N.Y. Executive Law § 296(6).

## SIXTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Notice at Time of Hiring

87. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88. Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing her rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and any additional information otherwise required by law, in violation of NYLL § 195(1).

89. Due to Defendants' violations of NYLL § 195(1), Plaintiff is entitled to recovery of statutory damages of Fifty Dollars ($50.00) per workday on which violations occurred, up to a maximum of Five Thousand Dollars ($5,000.00), pursuant to NYLL § 198 (1-b).

## SEVENTH CAUSE OF ACTION

### New York Labor Law - Failure to Provide Wage Statements

90. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91. Defendants have failed to provide Plaintiff with accurate wage statements listing,

*inter alia*, her regular hourly rate of pay; the overtime rate of pay; the number of regular hours worked; and the number of overtime hours, in violation NYLL § 195 (3).

92. Due to Defendants' violations of NYLL, Plaintiff is entitled to recovery of statutory damages of Two Hundred and Fifty Dollars ($250.00) per workday on which violations occurred, up to a maximum of Five Thousand Dollars ($5,000.00), pursuant to NYLL § 198 (1-d).

## EIGHTH CAUSE OF ACTION

### New York City Administrative Code – Sexual Harassment and Retaliation

93. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

94. At all relevant times, Defendants were employers of Plaintiff within the meaning of N.Y. Admin. Code. § 8–102(5).

95. Defendants sexually harassed Plaintiff and discriminated against her in compensation and in terms, conditions and privileges of employment on account of her sex in violation of N.Y. Admin. Code. §§ 8–107(1)(a), and further retaliated against her because she opposed such discrimination in violation of N.Y. Admin. Code. §§ 8–107(7).

96. Plaintiff, as a female, was a member of a protected class of individuals.

97. Plaintiff was qualified to hold the position she held as she was subject to no complaints or disciplinary notices.

98. Defendant Almehdawi, her boss, for a significant period during her employment period and on a daily basis, subjected Plaintiff to unwelcome sexual harassment.

99. Defendants' foregoing conduct was severe, pervasive and malicious.

100.    As such, Almehdawi behavior created a sexually hostile, intimidating and

offensive work environment in violation of N.Y. Admin. Code. § 8–107(1)(a).

101.     When Plaintiff refused to submit to Almehdawi increasing sexual demands, she was subject to adverse employment action by suffering a reduction and withholding of her wages, in further violation of N.Y. Admin. Code. § 8–107(1)(a).

102.     Plaintiff engaged in protected activity by formally complaining to Defendant Almehdawi about his practice of withholding her wages due to her refusal to subject to his sexual advances.

103.     In relation of making such complaints, Defendant Almehdawi has been defaming her to potential Employers  in violation of N.Y. Admin. Code. § 8–107(7).

104.     Due to Defendants' discrimination, sexual harassment and retaliation of Plaintiff, she has suffered great hardship and is entitled to recovery of back wages, front wages, pre-judgment interest, damages for emotional distress, punitive damages, attorney's fees, costs, and other such damages of an amount to be determined at trial, pursuant to N.Y. Admin. Code §§ 8-502(a) and (g).

105.     Defendant Almehdawi is jointly and severally liable for the aforementioned damages, since he incited, compelled and coerced the above discriminatory and unlawful conduct pursuant to N.Y. Admin. Code. § 8–107(6).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A.     Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 19, §§ 650 *et seq*., and supporting New York State Department of

Labor Regulations, the New York Executive Law § 296, and the N.Y. Administrative Code. §§ 8–107;

B.      Unpaid minimum wages and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor Regulations;

C.      Unpaid minimum and overtime wages under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

D.      Civil penalties of One Thousand One Hundred Dollars ($1,100.00) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

E.      An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

F.      An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements, pursuant to NYLL § 198 (1-d);

G.      An award of back wages, front wages, liquidated damages, damages for emotional distress, and punitive damages for the Defendants' prohibited retaliation against Plaintiff pursuant to 29 U.S.C. § 215(3);

H.      An award of front pay, lost compensation, damages for emotional distress, punitive damages, and liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000.00), for Defendants' prohibited retaliation against Plaintiff pursuant to NYLL § 215(2)(a);

I.      A civil penalty of a maximum of Ten Thousand Dollars ($10,000.00) for Defendants' prohibited retaliation against Plaintiff pursuant to 29 NYLL § 215(1)(b);

17

J.      A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

K.      An award of back wages, front wages, pre-judgment interest, damages for emotional distress, and punitive damages for Defendants' discrimination and sexual harassment against Plaintiff, pursuant to N.Y. Admin. Code § 8-502(a);

L.      An award of back wages, front wages, pre-judgment interest, and damages for emotional distress, for Defendants' discrimination and sexual harassment against Plaintiff, pursuant to N.Y. Executive Law § 297(9);

M.      If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

N.      An award of pre-judgment interest of nine per cent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

O.      An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

P.      An award of attorney's fees, costs, and further expenses up to Fifty Dollars ($50.00), pursuant to 29 U.S.C. § 216(b), NYLL §§ 198 and 663(1), N.Y. Admin. Code § 8-502(g); and

Q.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
            July 30, 2020

Respectfully submitted,

**STILLMAN LEGAL PC**

By:    __*Lina Stillman*_____
            Lina Stillman

18

*Attorneys for Plaintiff*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28