UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
SOUAD KARFA,

                Plaintiff,

      -against-

MARINE PARK REFERRING CENTER,
INC. et al.,

                Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19-CV-6091 (PKC) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

      On October 29, 2019, Plaintiff Souad Karfa ("Plaintiff") initiated this case against Defendants Marine Park Referring Center, Inc., Hisham Almehdawi, and Ultimate Marketing of NY Inc. ("Defendants"). (*See* Complaint ("Compl."), ECF No. 1; Amended Complaint ("Am. Compl."), ECF No. 17.) Plaintiff seeks damages for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Art. 6 § 190 *et seq.* and Art. 19 § 650 *et seq.* ("NYLL"). (Am. Compl., ECF No. 17.) She also brings claims of sexual harassment, sex discrimination, and retaliation. (*Id.*) For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case be dismissed for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

      The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the instant motion. As noted, this action was commenced on October 29, 2019. (Compl., ECF No. 1.) The Honorable Cheryl L. Pollak held an initial conference in the case on February 11, 2020, after which the case

proceeded with discovery. (Feb. 11, 2020 ECF Minute Entry.) In March 2021, Judge Pollak directed the parties to complete discovery by May 13, 2021, and that no further extensions would be granted. (March 29, 2021 Order, ECF No. 34.) Thereafter, the parties had difficulties scheduling depositions, which they brought to the Court's attention. (*See* May 5, 2021 Letter, ECF No. 35; May 11, 2021 Order, ECF No. 36.) Judge Pollak then held a status conference on May 19, 2021, which Plaintiff and her counsel attended, together with Defendant Hisham Almehdawi, appearing *pro se*. (*See* May 25, 2021 ECF Order; May 25, 2021 Order, ECF No. 39.) At the conference, Judge Pollak reminded the parties of their continuing obligation to provide discovery and determined that party depositions would occur on June 9, 2021, via Zoom. (*Id.*) Thereafter, on May 25, 2021, Judge Pollak entered a written order directing the depositions accordingly. (May 25, 2021 Order, ECF No. 39.)

Thereafter, at a status conference held on July 13, 2021, before the undersigned Magistrate Judge, the parties informed the Court that the party depositions were not held because Plaintiff did not respond to any of Plaintiff's counsel's communications. (*See* July 13, 2021 ECF Minute Entry and Order to Show Cause.) Accordingly, following the conference, on July 13, 2021, the Court entered an order to show cause advising Plaintiff:

> Rule 16(f) of the Federal Rules of Civil Procedure provides that the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order. Under Rule 37(b)(2)(A)(v), the Court may dismiss an action for a party's failure to comply with a court order.

(*Id.*) The Court also directed Plaintiff to file a letter "explaining the reason for her failure to follow an order of this Court no later than 7/27/2021." (*Id.*) Plaintiff's counsel served the July 13, 2021 ECF Minute Entry and Order to Show Cause on Plaintiff on July 20,

2

2021. (Aff. of Service, ECF No. 42.) Plaintiff never filed a letter explaining the reason for her failure to follow an order of the Court.

In addition, on July 13, 2021, Defendant Hisham Almehdawi filed a letter reiterating what he told the Court during the July 13, 2021 Status Conference, that is, that he made himself available for the depositions but that Plaintiff's counsel repeatedly rescheduled the depositions and ultimately told him that if Plaintiff "does not get back to them they will let the court know she is not cooperating." (Almehdawi Letter, ECF No. 41, at 1; *see also* July 13, 2021 ECF Minute Entry and Order to Show Cause.)

Having received no updates, and no response to the Court's order to show cause, on December 3, 2021, the Court directed the parties to file a joint status report by January 5, 2022. (Dec. 3, 2021 ECF Status Report Order.) On January 3, 2022, Defendant Almehdawi filed a status report informing the Court that he had not received "any correspondence from the plaintiff's attorney," and asking the Court "to dismiss the case and end any kind of further actions." (Almehdawi Status Report, ECF No. 43.) Plaintiff's counsel also filed a status report on January 7, 2022, informing the Court that she had not heard from Plaintiff in many months, despite numerous calls and emails, and that Plaintiff's counsel had "no choice but to join in Defendants' request to dismiss this case." (Pl.'s Counsel Status Report, ECF No. 44.)

On January 20, 2022, the Court held a status conference during which Plaintiff's counsel confirmed that she had not heard from Plaintiff in months. (*See* Jan. 20, 2022 ECF Minute Entry and Order.) The Court entered an order directing Plaintiff to personally appear at a telephonic status conference on February 16, 2022, together with her lawyer. *(Id.;* Jan. 20, 2022 Order, ECF No. 45, at 3.) The Court directed Plaintiff's counsel to serve the Court's January 20, 2022 Minute Entry and Order, along with the Court's attached Order, at Plaintiff's last known mailing and email addresses. (Jan. 20,

2022 Order, ECF No. 45, at 3.) Plaintiff's counsel was also directed to attempt to call Plaintiff to inform her that she must personally appear at the February 16, 2022 status conference. (*Id.*) Additionally, the Court advised Plaintiff that "she must comply with the Federal Rules of Civil Procedure and the Court's orders if this case is to continue" and that "[u]nder Rule 37(b)(2)(A)(v), the Court may dismiss an action for a party's failure to comply with a court order." (*Id.* (citing Fed. R. Civ. P. 41(b)).) Finally, the Court noted the following:

> Plaintiff is being given one last chance to comply with her discovery obligations, the Federal Rules of Civil Procedure, and the Court's orders. Unless Plaintiff herself appears at the February 16, 2022 Status Conference, this Court may recommend that the case be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

(*Id*. at 4.) On February 9, 2022, Plaintiff's counsel filed an affidavit of service of the Court's January 20, 2022 Order on Plaintiff via mail. (Aff. of Service, ECF No. 46.)

On February 16, 2022, prior to the conference, the Court reminded Plaintiff that she was to appear telephonically along with her counsel at the February 16, 2022 status conference. (Feb. 16, 2022 ECF Order.) On February 16, 2022, the Court held a status conference and Plaintiff did not appear despite being ordered to do so by the Court. (*See* Feb. 16, 2022 ECF Minute Entry and Order (citing Jan. 20, 2022 ECF Minute Entry and Order; Feb. 16, 2022 ECF Order).) During the February 16, 2022 status conference Plaintiff's counsel represented that, as reflected in Plaintiff's counsel's status report, Plaintiff's counsel sent WhatsApp messages that were delivered to Plaintiff the day of the February 16, 2022 status conference reminding Plaintiff, among other things, that she was to "appear in Court at 2:30pm." (*See* Status Report, ECF No. 48; Feb. 16, 2022 ECF Minute Entry and Order.) Plaintiff's counsel also represented that in accordance with the affidavit of service filed on February 9, 2022, Plaintiff's counsel served Plaintiff

4

with the Court's January 20, 2022 Order via mail. (*See* Aff. of Service, ECF No. 46; Feb. 16, 2022 ECF Minute Entry and Order.)

## DISCUSSION

### I. Legal Standards

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court may also dismiss a case for failure to prosecute *sua sponte*. *O'Rourke v. Nirvana*, 19-CV-4711 (PAE) (GWG), 2020 WL 1198326, at *1 (S.D.N.Y. Mar. 12, 2020), *report and recommendation adopted*, No. 19-CV-4711 (PAE) (GWG), 2020 WL 2133174 (S.D.N.Y. May 5, 2020). As the Second Circuit has recognized, while dismissal for failure to prosecute is explicitly sanctioned by Rule 41(b), the power of a district court to dismiss on this basis is also considered "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Second Circuit has cautioned, however, that dismissal for lack of prosecution is a "harsh remedy" and only appropriate in "'extreme situations.'" *Id.* at 575–76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 102 (2d Cir. 1993)).

When determining whether dismissal for failure to prosecute is warranted, courts must consider five factors:

> [W]hether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

5

*Id.* at 576 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has explained that no single factor is dispositive, and therefore, courts must review all of the factors in determining how to proceed. *Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3742765, at *2 (E.D.N.Y. Aug. 5, 2021) (citing *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011); *Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009)), *report and recommendation adopted*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021). The circuit has also observed that when a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. *See Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 178 (2d Cir. 2008).

## II. Analysis

Here, the Court finds that all five of the relevant factors weigh in favor of dismissing Plaintiff's claims against Defendants. First, the Court notes that Plaintiff's counsel last spoke with her in the summer of 2021, and for the past ten and a half months, Plaintiff has been absent from the case for reasons that appear solely attributable to her. (*See* July 13, 2021 ECF Minute Entry and Order to Show Cause; *see also Caussade v. United States*, 293 F.R.D. 625, 629–30 (S.D.N.Y. 2013).) As set forth above, Plaintiff failed to participate in her deposition after being personally present when the date for depositions was set by Judge Pollak; she has not communicated with her attorney in months; she did not file a letter as directed explaining her failure to comply with the Court's orders; and did she not appear at the February 16, 2022 status conference despite extensive efforts to provide her with notice. (*See* Feb. 16, 2022 ECF Minute Entry and Order; *see generally* 19-CV-6091 (PKC) (TAM).)

6

Second, the Court is satisfied that Plaintiff received proper notice about the possibility of dismissal, and that further attempts to warn her would be futile. *Caussade*, 293 F.R.D. at 630. On July 13, 2021, the Court entered a minute entry and order to show cause advising Plaintiff as follows:

> Rule 16(f) of the Federal Rules of Civil Procedure provides that the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order. Under Rule 37(b)(2)(A)(v), the Court may dismiss an action for a party's failure to comply with a court order.

(July 13, 2021 ECF Minute Entry and Order.) On January 20, 2022, the Court again advised Plaintiff that "she must comply with the Federal Rules of Civil Procedure and the Court's orders if this case is to continue" and that Rule 37(b)(2)(A)(v) permits dismissal of "an action for a party's failure to comply with a court order." (Jan. 20, 2022 Order, ECF No. 45, at 3 (citing Fed. R. Civ. P. 41(b)).) Finally, as set forth above, the January 20, 2022 order also noted that Plaintiff was given "one last chance" to comply with her discovery obligations and to participate in the case and that failure to appear at the conference on February 16, 2022 could result in the case being dismissed. (*Id*. at 4.) Plaintiff has not contacted the Court and did not appear at the February 16, 2022 status conference. (*See* Feb. 16, 2022 ECF Minute Entry and Order.) In addition, the Court finds that Defendants would be prejudiced by further and indefinite delay in this litigation, which has been in discovery for two years. (*See* Feb. 11, 2020 ECF Minute Entry.)

Apart from the duration of Plaintiff's absence, the notice she received regarding the consequences of her absence, and the prejudice Defendants would face if the parties continue on the current course, the Court also concludes that the fourth and fifth factors under Rule 41(b) weigh in favor of dismissal. Since June 2021, Plaintiff has shown no "interest in prosecuting this case." *Caussade*, 293 F.R.D. at 631. Accordingly, the Court finds that "dismissal would seek the proper balance between expediency and the rights

7

of the plaintiff," and that dismissal is the only "efficacious option." *Vidales*, 2021 WL 3742765, at *4.

## CONCLUSION

For the reasons discussed above, the Court respectfully recommends that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute. *See* Fed. R. Civ. P. 41(b) (providing for dismissal as to the action for a plaintiff's failure to prosecute).

\* \* \* \* \*

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated: Brooklyn, New York
February 18, 2022

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE